
FILED
APRIL 3, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

---

| | | |
|---|---|---|
| AARON LEE ATOMANCZYK, PRO SE, § <br> TDCJ-CID #1175541, § <br> A.K.A. AHARON LEVI ATOMANCZYK, § <br> A.K.A. JAMES EDWARDS, § <br> A.K.A. JAMASH LOBO ATOMANCIANI, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN ET AL., § <br> § <br> Defendant. § | | 2:07-CV-0052 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff AARON LEE ATOMANCZYK, also known as AHARON LEVI ATOMANCZYK, also known as JAMES EDWARDS, also known as JAMASH LOBO ATOMANCIANI, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and was granted permission to proceed *in forma pauperis*.

On February 22, 2008, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as moot.

Plaintiff filed his objections on March 6, 2008. By these objections, plaintiff argues his suit must be analyzed as a class action, he has stated claims on which relief can be granted, and

his claims are not moot. Plaintiff also claims the Court must analyze his claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act, and Title 42, United States Code, sections 1985, 1986 and 1987.

The Court notes plaintiff has never filed a motion to certify class and has not made the necessary showing to support any such certification. Thus no class has been certified and, despite plaintiff's protestation, this is not a class action.

Further, by the May 4, 2007 Order to File Amended Complaint, plaintiff was informed that his vague attacks on various prison regulations were subject to dismissal and was ordered to plead specific facts, not conclusory allegations. Plaintiff was instructed to list each act or omission by each defendant on which he based his claim and list each incident in which he was harmed by each challenged regulation.

By his Amended Complaint, plaintiff again seeks to challenge various prison policies without providing factual details or specifically identifying each policy.

Plaintiff identifies himself as a "Religious Consciencious [sic] Adherant [sic]" and alleges his religious rights were violated because TDCJ policies require him to shave his beard and cut his hair; and deny him eligibility for a "special religious transfer" based on his custody classification as Administrative Segregation.

While the Fifth Circuit has not addressed a grooming challenge specifically with respect to a "Religious Consciencious [sic] Adherant [sic]," it has held that requiring Muslim prisoners to be clean shaven does not violate their free exercise rights. *Green v. Polunsky*, 229 F.3d 486, 490-91 (5th Cir. 2000); *accord, Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001)(*per curiam*)(citing *Green*); see, also, *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)(regulations

requiring Rastafari offender to cut his hair and beard did not violate inmate's free exercise rights).

As to plaintiff's challenge to ineligibility for transfer, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 29, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002). The "[c]lassification of prisoners is a matter left to the discretion of prison officials[,]" and they "should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990). While a change in plaintiff's classification might make him eligible for a special religious transfer, this fact does not support a claim that plaintiff's free exercise of his religion is violated by his present ineligibility.
*Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992)(upholding frivolousness determination as to a section 1983 complaint by a Texas prisoner that his classification prevented him from attending classes and religious services).

The grooming and transfer eligibility policies are neutral and of universal application.

The grooming policies serve the state's penological interests in identification of inmates internally and in the event of escape, and eliminate a way of signaling gang affiliation. A religious exception for every religion that regulates hair appears to be impracticable and would increase the dangers prison guards and inmates already face. Moreover, Further, plaintiff is still free to practice his religion in other ways. Consequently, plaintiff's free exercise rights have not been violated.

3

The policy of classification and its relation to eligibility for religious transfer furthers the state's interest in segregating prisoners of difference classification for security reasons. Plaintiff has indicated he is in administrative segregation for his own protection and dos not advance any other, less restrictive, means to achieve the legitimate state interest in maintaining security. Plaintiff's ineligibility for special religious transfer is reasonably related to a legitimate penological interest and, therefore, valid. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Plaintiff's claim under the First Amendment lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to the Religious Land Use and Institutionalized Persons Act (hereafter, RLUIPA), the strict scrutiny test mandated by that statute is to be applied with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723, 125 S.Ct. 211, 161 L.Ed.2d 1020 (2005). RLUIPA . . . is not meant to elevate accommodation of religious observances over the institutional need to maintain good order, security, and discipline or to control costs." *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007). Prison security is a compelling state interest. *Cutter*, 544 U.S. at 724, n.13.

Assuming the TDCJ's grooming policies place a substantial burden on plaintiff's free exercise of his religious rights, it is the least restrictive means of furthering the compelling state interest and does not violate plaintiff's rights under RLUIPA. *Longoria v. Dretke*, 507 F.3d 898 (5th Cir. 2007); *see*, *also*, *Gooden v. Crain*, 405, F.Supp.2d 714, 720-22 (E.D.Tex. 2005)(TDCJ grooming policy as applied to Muslim inmates did not violate RLUIPA). Plaintiff's claim in this

4

respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has not alleged or shown how the ineligibility for special religious transfer substantially burdens his practice of his religion. Concerning the RLUIPA, the Supreme Court has rejected the argument that "incidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs, require government to bring forward a compelling justification for its otherwise lawful actions." *Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004) (quoting *Ling v. Northwest Indian Cemetery Protective Association*, 485 U.S. 439, 108 S.Ct. 1319, 99 L.Ed.2d 534 (1988)). The facts presented by plaintiff fail to state a claim that his ineligibility for special religious transfer violates RLUIPA.

Plaintiff claims the defendants have denied him religious study materials. Plaintiff says he has requested Jewish Religious Study Materials from the Chaplaincy Departments, but was told by Chaplain Schlewitz that he had no Jewish Materials. Plaintiff says Chaplain Schlewitz sent him Christian materials instead and that Rabbi Goldstein, Rabbi Sanders, and the Director of Chaplains did not respond to his requests. Plaintiff says Chaplain Schlewitz told him he could write someone in the free world to sent him Jewish materials. Plaintiff appears to be claiming an entitlement to free Jewish religious materials; however, there is no legal or constitutional requirement that inmates be provided with religious materials at government expense. *Frank v. Terrell*, 858 F.2d 1090 (5th Cir. 1998). Plaintiff makes no claim that he was prevented from obtaining religious materials through friends or at his own expense, and Chaplain Schlewitz' response shows plaintiff was permitted to receive religious materials from outside sources.

5

Plaintiff's claim for free religious materials under the First Amendment lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has utterly failed to state a claim concerning the denial of religious study materials under RLUIPA.

Plaintiff also asserts an Equal Protection claims that female prisoners are allowed more grooming freedom than mail prisoners. This claim has already been examined by the Fifth Circuit which determined that the application of different grooming standards to male and female inmates did not implicate equal protection concerns. *Longoria v. Dretke*, 507 F.3d 898 (5th Cir. 2007). Thus, plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also complains he fears excessive force will be utilized if he refuses to comply with the prison grooming policy because officials are authorized "to use any amount of force necessary to gain complete compliance." Plaintiff's allegation in this respect fails to state a claim on which relief can be granted.

As to plaintiff's claims asserted under Title 42, United States Code, sections 1985, 1986 and 1987, the elements of a claim under section 1985 are: (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy. *Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969).

Plaintiff's failure to present anything more than conclusory allegations of conspiracy is fatal to his attempt to state a claim under section 1985.  Further, a section 1986 claim requires an underlying section 1985 claim as its foundation.  *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir.), *aff'd*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1991)(section 1985 conspiracy forms an integral part of a section 1986 claim).  Plaintiff's claim under section 1986 fails because there is no valid underlying section 1985 claim.  Lastly, section 1987 does not establish any independent cause of action for a prisoner, and plaintiff's citation to this statute is inapt.  Thus, plaintiff's claims under section 1985, 1986, and 1987 lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 3rd day of April, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE